2004 FEB -6 P 2: 07

U.S. DISTRICT C...
NEW HAVEN C...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPHINE SULLIVAN<br>    Plaintiff, | CIVIL ACTION NO.<br>3:03cv1040(PCD) |
| v. | |
| CARSON PRODUCT,<br>DEVELOPMENT, L'ORÉAL USA<br>PRODUCTS, INC., & SALLY BEAUTY<br>CO., INC. | FEBRUARY 6, 2004 |
|     Defendants | |

## RULE 26 (f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Served:          May 20, 2003

Date of Removal to Federal Court:   June 11, 2003

Date of Defendants' Appearance:   June 11, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 38, a conference was held on February 3, 2004. The participants were: Lorenzo J. Cicchiello, counsel for plaintiff, and Daniel Kalish, counsel for the defendants.

**I.   Certification**

Undersigned counsel certify that, after consultation with their client, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their client, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II. Jurisdiction

### A. *Subject Matter Jurisdiction*

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### B. *Personal Jurisdiction*

Plaintiff alleges that the defendants are subject to the personal jurisdiction of the United States District Court for the District of Connecticut.

## III. Brief Description of Case

### A. *Claims of Plaintiff*

Plaintiff claims that she was injured as result of her use of defendants' product. She claims the product was defective and has brought this action pursuant to the Connecticut Product Liability Act.

### B. *Defenses and Claims of Defendants*

This case arises after plaintiff's hair caught on fire after she sat down and put her hair in the direct vicinity of a burning candle. She then filed suit, claiming that the conditioner she used was defective. This lawsuit is groundless. To prevail in this action, plaintiff will have to prove, at a minimum, that the product *contributed* to her hair catching on fire. The product, however, is not flammable, and the plaintiff will not be able to prove otherwise.

Second, any damages that the plaintiff has suffered will be reduced, if not entirely eliminated, by her own negligence, as she sat down on a toilet and then leaned back, placing her hair in *contact with a burning flame.*

And finally, with respect to plaintiff's "failure to warn" claim, she will have to prove that if the conditioner did in fact contain a warning, she would then not have sat down on the toilet and placed her hair in the direct vicinity of a flame. See CONN. GEN. STAT. 52-572q ( c). She will not succeed on meeting the burden of proof on this issue.

    C.    *Defenses and Claims of Third Party Defendants*

Not applicable.

## IV.    Statement of Undisputed Facts

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    1.    The plaintiff is a resident of the city of Norwich, Connecticut.

    2.    The defendants are corporate entities.

## V.    Case Management Plan

    A.    *Standing Order on Scheduling in Civil Cases:* The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

    B.    *Scheduling Conference with the Court:* The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). It is noted, however, that the parties have met with PJO Iannotti to attempt settlement and that another conference is to be scheduled in March, 2004.

    C.    *Early Settlement Conference.*

    1.    The parties certify that they have considered the desirability of attempting to

settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, but parties will meet again with PJO Iannotti in March, 2004 to attempt to settle again.

  2. Accordingly, a settlement conference is to be scheduled in March, 2004.

  3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

  D. *Joinder of Parties and Amendment of Pleadings.*

  1. Defendants have filed an answer to the Complaint. It will not be necessary to join any additional parties and no amendment to pleadings are anticipated with the exception of plaintiff filing an amended complaint to conform with federal pleading style and to request a jury trial. This shall be done within 30 days or by March 3, 2004.

  E. *Discovery- Without waving any objections to any discovery request, the parties state as follows:*

  1. The plaintiff anticipates that's he will seek discovery on the following subjects:

   (a) The business relationship between the various corporate defendants;

   (b) The chemical composition of the subject product;

   (c) Testing and analysis results pertaining to the subject product;

   (d) Recall history of the subject product.

   (e) Defendants' experiences and customer complaints relative to the subject product;

   (f) Records of any governmental action pertaining to the subject product;

4

    (g) The circumstances surrounding plaintiff's experiences with defendants' product;

2. The defendants anticipate that they will seek discovery on the following subjects:

    (a) The nature of the allegations by the Plaintiff;

    (b) The circumstances regarding the incident in question;

    (c) Whether the plaintiff used the product in question; and

    (d) Whether the plaintiff properly used the product in question.

3. Discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced on April 1, 2004, and completed by July 16, 2004. The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a) by April 20, 2004. Depositions of any such experts will be completed by June 20, 2004. The defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2004. Depositions of any such experts will be completed by July 26, 2004.

4. Discovery will not be conducted in phases.

5. The defendants intend to take four or five depositions. Namely, the defendants intend to depose those individuals identified in the plaintiff's initial disclosures.

6. The parties do not anticipate a need to serve more than 25 interrogatories.

7. At this time plaintiff does intend to call expert witnesses at trial including medical providers and possibly a chemist. Defendants also anticipate calling experts witnesses, including a chemist.

8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 31, 2004.

9.  The parties hereby stipulate that Defendants' Initial Disclosures required pursuant to Fed. R. Civ. P. 26(a)(1) shall be made on or before February 20, 2004.

F.  *Dispositive Motions*

Dispositive motions will be filed on or before September 30, 2004

G.  *Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by November 30, 2004.

## VI. Trial Readiness

This case will be ready for trial by November 30, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court promote the just, speedy, and inexpensive determination of this action.

| THE PLAINTIFF, | THE DEFENDANTS, |
|---|---|
| JOSEPHINE SULLIVAN | CARSON PRODUCT DEVELOPMENT, L'ORÉAL USA PRODUCTS, INC., & SALLY BEAUTY CO, INC. |

BY: *[signature]*
Lorenzo J. Cicchiello  ct09277
orenzo.cicchiello@snet.net
Cicchiello & Cicchiello
582 West Main Street
Norwich, CT 06360
860.886-9300phone
860.886-5963fax
Her Attorney

BY: *[signature]*
Jeremy G. Zimmermann  ct67700
jzimmermannwiggin.com
Wiggin & Dana
One Century Tower
P.O. Box1832
203.498.4400phone
203.782-2889fax
Their Attorney

6