UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPHINE SULLIVAN | : | CIVIL ACTION NO. |
| | : | 3:03CV1040 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CARSON PRODUCT DEVELOPMENT, | : | |
| INC., L'ORÉAL USA PRODUCTS, INC., | : | |
| & SALLY BEAUTY CO., INC. | : | |
| | : | |
| Defendants. | : | March 22, 2004 |

**STIPULATED PROTECTIVE ORDER**

Come now the parties, Josephine Sullivan, by counsel, and L'Oreal USA, Inc., by counsel, and stipulate the following Protective Order:

1. L'Oreal USA, Inc. will produce to plaintiff certain documents related to Beautiful Beginnings Leave-In Conditioner.

2. L'Oreal USA, Inc. may designate as "CONFIDENTIAL" any documents, material or information that L'Oreal USA, inc. considers to be a confidential trade secret, proprietary information or privileged information. Any document so designated will be subject to the provisions of this Stipulated Protective Order.

3. In the event that plaintiff disagrees with any designation of confidential information asserted by L'Oreal USA, Inc., plaintiff may move the Court to compel a hearing to resolve the issue. It shall then be L'Oreal USA Inc.'s burden, the same as if this Stipulated

Protective Order had not been entered into, to establish that it is entitled as assert a privilege as to the contested information.

4. No party waives any right to appeal any Order issued by the Court with respect to material and information subject to this Stipulated Protected Order.

5. All information obtained from the documents produced by L'Oreal USA, Inc. shall be disclosed or revealed only to plaintiff's counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action.

6. Counsel for plaintiff shall use all documents and information produced or disclosed by L'Oreal USA, Inc. solely for purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Stipulated Protective Order be disclosed to anyone other than plaintiff, counsel of record in this action, paralegals, and secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action.

7. All documents produced, copies of such documents reproduced pursuant to this Stipulated Protective Order, and all notes arising from the examination of such documents, taken by whomever and in whatever form, shall be destroyed at the conclusion of this action. Counsel for plaintiff shall certify, by affidavit, compliance with the requirements of this paragraph within ten (10) days of the conclusion of the final proceedings of this action.

8. All portions of depositions, motion papers or any other pretrial written materials, that it becomes necessary to file with the Court, that refer to the materials or information protected by this Stipulated Protective Order shall be sealed by counsel before filing with the Court with a label bearing the fact that such sealed documents are subject to this Stipulated

Protective Order. The material and information subject to this Stipulated Protective Order. The material and information subject to this Stipulated Order shall not lose the protections afforded by this Stipulated Protective Order by its use at trial, and the treatment of trial transcripts, trial motions, briefs and other such written matter that refer to the confidential material and information protected by this Stipulated Protective Order shall be determined by subsequent Order of this Court. Any pleading or other document disclosing information subject to this Stipulated Protective Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents shall be filed in a similar manner, sealed and subject to this Stipulated Protective Order.

9. Prior to disclosure of documents and information provided for herein to paralegals or secretarial employees of counsel for plaintiff, or persons employed to act as experts in this action, counsel for plaintiff shall require such paralegals, employees, and experts to execute a Nondisclosure Agreement in the form attached hereto as Exhibit "A", the original of which shall be promptly provided to counsel for L'Oreal USA, Inc.

10. By designating any document as CONFIDENTIAL, L'Oreal USA, Inc. represents that it has a good faith belief that the document is a confidential document that has not heretofore entered into the public domain or otherwise been made public.

11. Violation by any person of any term of this Stipulated Protective Order shall be punishable as a contempt of court.

12. This Stipulated Protective Order is subject to revocation and modification by order of Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

MAR-23-2004(TUE) 12:11  Cicchiello & Cicchiello         (FAX)8608865963        P.005/008
Case 3:03-cv-01040-PCD   Document 17   Filed 03/25/2004   Page 4 of 6

Rx Date/Time    MAR-22-2004(MON)    20:36                              P.005
03/22/2004 20:36 FAX                                                   ☒005

SO AGREED AND STIPULATED:

_____
Daniel Kalish
Attorneys for defendant, L'Oreal USA, Inc.

_____
Lorenzo J. Cicchiello
Attorney for the plaintiff

SO ORDERED:

Date:_____

_____
Judge, United States District Court, District
of Connecticut

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPHINE SULLIVAN | : | CIVIL ACTION NO. |
| | : | 3:03CV1040 (PCD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CARSON PRODUCT DEVELOPMENT, | : | |
| INC., L'ORÉAL USA PRODUCTS, INC., | : | |
| & SALLY BEAUTY CO., INC. | : | |
| | : | |
| Defendants. | : | March 22, 2004 |
| | : | |

**NONDISCLOSURE AGREEMENT**

The undersigned, having read the Protective Order filed in this action, and intending to be legally bound thereby, agrees as follows:

1.　All documents and confidential information disclosed to the undersigned pursuant to the Stipulated Protective Order shall be used only in connection with this action and shall not be used for any business or other purpose.

2.　Such documents and confidential information shall be disclosed to and discussed only with parties to this suit, the parties' legal counsel, and other persons who have in accordance with the provisions of the Stipulated Protective Order executed a similar Nondisclosure Agreement. Neither such documents nor information acquired or extracted from same will be divulged or made accessible to any other person, new entity, governmental agency

or other entity whatsoever, except in compliance with the Stipulated Protective Order and this Nondisclosure Agreement.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of such documents or confidential information.

4. The undersigned affirms that he/she is not employed by any competitor or defendant, L'Oreal USA, Inc.

5. The undersigned further agrees that upon the final termination of this litigation or upon the termination of his/her employment, he/she shall return any such documents or confidential information which may be in his/her possession or control (including all abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing such information) to the attorney for whom he/she received such documents and materials.

Dated this ____ day_____, 200_

_____
Name

_____

_____
Address

_____
Employer